## CIRCUIT COURT OF THE CITY OF RICHMOND

Saunders Oil Company, Inc.

v.

Ray D. Pethtel, Commissioner, V.D.O.T.,
and A. C. Baird,
Administrative Services Officer

September 14, 1988

Case No. (Chancery) N-6873-3

By JUDGE T. J. MARKOW

Pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, petitioner has moved this court to reconsider its decision of August 26, 1988, in which it declined to issue a writ of mandamus to Virginia Department of Transportation (VDOT) to provide a written decision addressing a bid protest made by petitioner on VDOT Proposal # 7-3531-87, Inquiry # 9498-WB.

Having reviewed the petition to reconsider and the memoranda of counsel, the court is satisfied with its determination that the petitioner had not timely filed its bid protest under Code § 11-66(A).

Bids were filed in December 1987. The contract was awarded February 18, 1988. Saunders claims it called the VDOT daily but was not told of the award until two weeks after the award was made. Saunders also alleges that it then made a request for the successful bidder's documents under the Freedom of Information Act but was not furnished the documents for six weeks. It filed its protest within ten days of receipt of the documents. As the protest was filed more than ten days after the award, the defendants have refused to respond to the protest. Saunders asks

that a mandamus issue requiring the defendants to respond to the protest.

The issue is construction of that sentence in Va. Code Ann. § 11-66(A) which provides:

> However, if the protest of any actual or potential bidder or offeror depends in whole or in part upon information contained in public records pertaining to the procurement transaction which are subject to inspection under § 11-52, then the time within which the protest must be submitted shall expire ten days after those records are available for inspection by such bidder of offeror under § 11-52, or at such later time as provided in this section.

Saunders argues that since it needed the bid documents and requested them timely, its ten days did not begin to run until receipt of the documents, some six weeks after the request and some two and one-half months after the contract was awarded.

It is clear that the critical point in time in which the ten-day response time begins is when the records are "available for inspection." In this regard, petitioner assigns as error this court's reliance on Mr. Baird's unsworn representation during oral argument that the Hexcel (the successful bidder) bid documents were available from January 31, 1988, on, and that the public was permitted to come to VDOT between 8:30 a.m. and 4:30 p.m. and inspect any bidding documents. But the court need not rely on any oral testimony as the availability of such information is statutorily mandated. *See* Va. Code Ann. § 11-52(C), which reads:

> Any competitive sealed bidding bidder, upon request, shall be afforded the opportunity to inspect bid records within a reasonable time after the opening of all bids but prior to award, except in the event that the public body decides not to accept any of the bids and to reopen the contract. Otherwise, bid records shall be open to public inspection only after award of the contract.

*See also* Va. Code Ann. § 2.1-342. None of the exceptions to either of these code sections is applicable here.

It was petitioner's duty, not VDOT's responsibility, to ascertain the award date and to whom the award was given and to inspect the bid documents at VDOT offices, if necessary. Otherwise, under petitioner's interpretation of the Virginia Public Procurement Act, a disappointed bidder could withhold its request for bidding documents under the Freedom of Information Act months, possibly years, after the award is made and then protest these bid awards within ten days after receiving the information. The Attorney General's argument is to the effect that the sentence beginning "however," requires bid protests to be made within ten days of the availability of public records, "or" in no event later than ten days after award or announcement. The court agrees with that interpretation.

Petitioner mistakenly believed that its protest was timely as long as it followed within ten days of *receipt* of FOIA materials. But the deadline must bear some relationship to the fact that the materials were *available* for inspection before an award is made. Thus, when § 11-66 provides that "the time within which the protest must be submitted shall expire ten days after those records are available for inspection by such bidder or offeror under § 11-52, or at such later time as provided in this section," that later time could only be the time mentioned in § 11-66 or ten days after the award or ten days after the announcement of the decision to award.

In essence, the petitioner's argument would have the court amend the legislated term "availability" to "receipt." Additionally, petitioner's view of the statutory provision would excise from that legislation "or at such later time as provided in this section." This the court cannot do.

Petitioner's protest filed ten days after it received copies of the successful bid documents, which was several weeks after the contract was awarded, was not timely. The court will not reconsider its decision to decline to issue a writ of mandamus to compel defendant Baird to respond to Saunders Oil's submission.